UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DAMON PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF VALLEJO CALIFORNIA, et al.,<br><br>Defendants. | No. 2:16-cv-0595 GEB CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. This action proceeds on the complaint filed March 22, 2016, now before the court for screening. (ECF No. 1; see ECF No. 9.)

II. Screening Standard

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III. Discussion

Plaintiff names eight defendants: the City of Vallejo; Veripic, Inc.; a Solano County deputy district attorney; four Vallejo police officers; and the Information Technology Manager for the City of Vallejo. (ECF No. 1 at 6-7.) These parties were involved in a 2009 criminal proceeding in the Solano County Superior Court resulting in plaintiff's conviction for robbery and related offenses. Petitioner challenged his conviction and sentence in a federal habeas proceeding, No. 2:12-cv-2475 KJM EFB (E.D. Cal.). On September 30, 2014, the district court denied his petition for habeas relief, and on May 26, 2015, the United States Court of Appeals for the Ninth Circuit denied plaintiff's request for a certificate of appealability.

In the instant action, plaintiff alleges that "the defendants' criminal actions corruptly persuaded the United States District Court into denying the plaintiff's request for writ of habeas corpus." (ECF No. 1 at 19.) He asserts that evidence in his criminal trial was falsified, and that defendants violated his federal right to a fair and impartial trial.

As relief, plaintiff seeks a declaratory judgment affirming that his due process right to a fair trial was violated, an injunction compelling the City of Vallejo to produce "complete and authentic" copies of certain records maintained by the police department, a jury trial on his claims, and a federal grand jury investigation. (ECF No. 1 at 25.)

First, claims concerning plaintiff's trial and sentencing are not cognizable under §1983. A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Insofar as plaintiff challenges his 2009 criminal proceedings, his claims are not cognizable in § 1983. Nor can they be brought in a successive habeas petition without authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3).

Second, plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).

If plaintiff prevails on his claims, a judgment in his favor will necessarily imply the invalidity of his 2009 conviction and sentence. Consequently, plaintiff's §1983 action cannot proceed unless and until his conviction is invalidated as required by Heck. Plaintiff's federal habeas challenge to his conviction was unsuccessful, and his conviction remains in place.

3

For these reasons, the complaint must be dismissed.

IV.  Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Here, plaintiff's claims are either not cognizable in § 1983 or barred by the Heck doctrine. As it appears amendment would be futile, the undersigned will recommend that this action be dismissed without leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that the complaint be dismissed without prejudice and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / patt0595.14.new